UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| JAMES GATINEAU and CHRISTY GASTINEAU, | ) ) ) |
| Plaintiffs, | ) ) |
| vs. | ) CAUSE NO. 1:04-cv-633-LJM-WTL ) |
| UMLIC VP LLC, et al., | ) ) |
| Defendants. | ) |

**ENTRY ON MOTION TO COMPEL AND MOTION TO BAR EXPERT TESTIMONY**

This cause is before the Magistrate Judge on the motions of Defendants David M. Wright and Wright & Lerch (collectively "Wright Defendants") entitled Motion to Compel Underlying Test Data of Plaintiffs' Expert or Alternatively to Bar Witness's Testimony and Motion to Bar Expert Opinion Testimony. The motions are fully briefed, and the Magistrate Judge, having also heard the parties' arguments regarding the motion at a recent status conference, **DENIES AS MOOT** the motion to compel and **DENIES** the motion to bar expert testimony for the reasons set forth below.

In their motion to compel, the Wright Defendants sought an order compelling the Plaintiffs to produce certain data from their expert witness, Raymond Dean, Ph.D. The Plaintiffs have now secured the data from Dr. Dean and produced it to the Defendants, making the motion to compel moot.

The Wright Defendants' second motion is two-fold. First, they argue that Dr. Dean should not be permitted to testify as an expert witness in this case because he has not prepared an expert report that satisfies the requirements of Federal Rule of Civil Procedure 26(a)(2)(B). It is clear that the Plaintiff s have not satisfied Rule 26(a)(2)(B) vis-a-vis Dr. Dean. However, the

Wright Defendants' objection to this failure comes far too late, almost two years after the expert report was due and Dr. Dean was deposed, and a year after summary judgment was briefed and ruled upon by the Court. By failing to object to the lack of a satisfactory report from Dr. Dean within a reasonable time, the Wright Defendants have waived their objection.

The second argument raised by the Wright Defendants' motion is whether Dr. Pamela Lynch, Mr. Gastineau's treating physician, should be permitted to testify regarding her expert opinion relating to the cause of the conditions for which she has treated Mr. Gastineau. The Wright Defendants argue that Dr. Lynch should be limited to testifying as a fact witness regarding her treatment of Mr. Gastineau because she was not timely disclosed as an expert witness and she did not prepare an expert report. However, Dr. Lynch was not required to prepare a report, because as a treating physician she was not "retained or specially employed to provide expert testimony" in this case. *See* Rule 26(a)(2)(B). As for her untimely disclosure as an expert, Defendant UMLIC objected to Dr. Lynch offering expert testimony in the course of summary judgment briefing a year ago, at which time Judge McKinney determined that it was appropriate to consider her testimony (in the form of an affidavit) because "it appears from the record that the Gastineaus in fact disclosed the name of Dr. Lynch when they timely disclosed the name of Dr. Dean." The Defendants have had a year since that ruling by Judge McKinney to seek reconsideration of it or to seek leave to conduct additional discovery regarding Dr. Lynch's opinions, but they have failed to do so. Again, it is too late at this point to resuscitate the argument that Dr. Lynch's opinion testimony should be barred because she was not timely disclosed as an expert. The motion to bar expert testimony therefore is **DENIED**.

SO ORDERED:   04/26/2007

*William T. Lawrence*

2

Hon. William T. Lawrence, Magistrate Judge
United States District Court
Southern District of Indiana

Copies to:

James and Christy Gastineau
1956 Las Palmas Ln. Unit 133
Laughlin, NV  89029

Casey D. Cloyd
BRADBURN & CLOYD
cdcloyd@msn.com

Richard M. Malad
COHEN & MALAD LLP
rmalad@cohenandmalad.com

John M. McCrum
jmccrum@eichhorn-law.com

Michael  Roth
EICHHORN & EICHHORN
mroth@eichhornlaw.com

Karol Ann Schwartz
EICHHORN & EICHHORN
kschwartz@eichhorn-law.com