UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| JAMES GASTINEAU, and CHRISTY GASTINEAU,<br>      Plaintiffs,<br><br>   vs.<br><br>DAVID M. WRIGHT, and WRIGHT & LERCH,<br>      Defendants. | 1:04-cv-0633-LJM-DML |

### ORDER

This matter comes before the Court on plaintiffs', James Gastineau and Christy Gastineau ("Plaintiffs" or the "Gastineaus"), Motion to Enforce Settlement and defendants', David M. Wright and Wright & Lerch ("Defendants"), Motion for Entry of Dismissal with Prejudice or, Alternatively, Motion for Rule to Show Cause.  On October 15, 2009, the parties appeared by counsel for hearing on these motions.  The Court took the matter under advisement.  The Court rules as follows.

### I. BACKGROUND

Plaintiffs initiated this action against Defendants and UMLIC VP LLC under the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq.*, and various Indiana state laws. *See* Am. Compl.  On September 29, 2008, the scheduled first day of trial in this matter, the parties met with the Court to discuss the possibility of settlement.  After discussions off the record, the Court and the parties recited, on the record, the purported terms of the settlement agreement that the parties had reached.  *See* Dkt. No. 273, Sept. 29, 2009,

Entry & Order.  According to the transcript of that exchange, which is attached to Defendants' Motion as Exhibit B, the parties reached a partial settlement of Plaintiffs' claims against Defendants', except for the amount of Plaintiffs' attorney's fees.  Tr. at 3.  Specifically, Defendants and UMLIC VP LLC agreed to pay plaintiff $45,045.77.  Each agreed to pay half that amount.  Defendants agreed that the settlement award would not be confidential, and that they would pay Plaintiffs on or before November 1, 2008.  Tr. at 3.

The parties raised their concerns with how to word the type of damages that Defendants agreed to pay plaintiffs.  Plaintiff wanted the settlement monies to be nontaxable under applicable Internal Revenue Service ("IRS") regulations, although neither party could recite the regulation or its requirement to the Court.  Defendants reported their concern regarding their insurance policy, which they claimed excluded from coverage claims for physical injury.  The Court confirmed with the parties that it was the parties' intent to couch the settlement in such a way that the damages paid to Plaintiffs would be nontaxable under applicable IRS regulations.  In addition, the Court asked Defendants' insurance provider's representative, Ms. Jankovic, to recite the language of the policy on the record.  She stated:

> "We will pay on behalf of the insured all sums up to our limit of liability and in excess of the deductible shown in item 5 of the declarations which the insured shall become legally obligated to pay as damages because of any claim or claims, including claims for personal injury, first made against the insured and first reported to the company during the policy period arising from any act, error or omission which first occurred" – then it goes into retroactive language – "in rendering or failing to render professional services caused by the insured or by any person for whose acts, errors or omissions the insured is legally liable, provided that the insured had no knowledge of the facts which could be reasonably expected to result in the claim prior to the effective date of the policy."

Tr. at 5-6. Defendant, David Wright, stated: "So if it's couched in terms of a personal injury but not related to emotional distress, I have coverage?" Tr. at 6. Ms. Jankovich responded, "yes." Tr. at 6. Mr. Roth subsequently stated, "If we couch that the settlement is a settlement of personal injury, not including emotional distress damages, I think we get around the provision in the policy." Tr. at 7. The Court stated, "Your settlement will not be taxable. We can agree on that then?" *Id.* Mr. Roth replied, "Yes." The Court then stated to Mr. Duff: "You don't have a problem with that, do you?" *Id.* Mr. Duff replied, "No." *Id.*

Finally, the parties agreed that Plaintiffs would dismiss claims against defendants and would execute a general release in favor of Defendants. Tr. at 8.

On October 2, 2008, Defendants tendered a Settlement Agreement and Release (the "Release"), which they claim memorialized the parties' respective obligations under the settlement agreement reached on September 29, 2008. Defs.' Ex. C. Under "Payments," the Release stated, among other things, "All sums set forth herein constitute payment for damages on accounts of personal injuries, but <u>shall not constitute payment of any claimed damages for emotional distress or mental anguish</u>, within the meaning of Section 104(a)(2) of the Internal Revenue Code of 1986, as amended." *Id.* at 2.

On October 22, 2008, Mr. Duff emailed fully executed W-9s of Jamie and Christie Gastineau to Mr. Roth and UMLIC's counsel. Defs.' Ex. D. Mr. Duff requested "Please make the checks out to 'James E and Christy L. Gastineau.'". *Id.* On October 30, 2008, Mr. Duff executed a document that stated:

> I, Robert Duff, hereby acknowledge receipt of a check in the amount of $22,522.88 from Michael Roth, Attorney for Defendants, David Wright, and Wright & Lerch in the litigation captioned Gastineau et al. v. Wright et al., Cause No. **1:04-cv-0633-LJM-WTL**. This satisfies the term of the settlement

>   agreement reached between the parties on September 29, 2008[,] requirement (sic) payment by the Defendants on or before November 1, 2008.

Defs.' Ex. E.

According to Defendants, between October 2, 2008, and December 2, 2008, the Release language was amended on several occasions by Mr. Duff to reflect minor modifications desired by the Gastineaus. On December 2, 2008, Mr. Duff emailed the Gastineaus' requested modifications with red-line copy of the Gastineaus' proposed changes. Defs.' Ex. F. Under "Payments," this version of the Release states "As sums set forth herein constitute payment for compensatory personal injury damages as contemplated by IRC § 104(a)(2). *Id.* at 2. Mr. Roth agreed to the Gastineaus' modifications that same day, and requested that Gastineaus execute the Release. The Gastineaus never executed the Release because, after a meeting with the IRS, the Gastineaus concluded that the Release must specify "compensatory personal physical damages" in order to be exempt from tax under IRC § 104(a)(2).

## II. STANDARD

The formation and enforcement of settlement agreements is governed by state contract law. *Pohl v. United Airlines, Inc.* (*Pohl I*), 213 F.3d 336, 338 (7th Cir. 2000). Under Indiana law, "[t]o create a binding contract, there must be an offer, acceptance of that offer, and a meeting of the minds between the contracting parties." *Pohl v. United Airlines, Inc.* (*Pohl II*), 110 F.Supp.2d 829, 837 (S.D. Ind. 1999) (citing *Straub v. B.M.T.*, 645 N.E.2d 597, 598 (Ind. 1994)). "There must be mutual assent or a meeting of the minds on all essential elements or terms in order to form a binding contract." *Indiana Dept.*

*of Correction v. Swanson Services Corp.*, 820 N.E.2d 733, 737 (Ind. Ct. App. 2005) (quoting *Carr v. Hoosier Photo Supplies, Inc.*, 441 N.E.2d 450, 455 (Ind. 1982)). Moreover, a signed document is not a requirement of enforceability where the parties have otherwise entered into a binding agreement. *Pohl I*, 213 F.3d at 340.

### III. DISCUSSION

Plaintiffs' main contention is that the parties agreed to word the Release in such a way that the funds Plaintiffs' received pursuant to the settlement agreement remained nontaxable. Plaintiffs submit that, to satisfy IRC § 104(a),[1] the Release must state "compensatory personal physical injury." Accordingly, the Court should force Defendants to execute a Release that contains this language. Defendants submit that writing the Release in such a manner as to avoid tax liability was never a material term of the parties' agreement. Rather, the parties agreed to label the damages paid by Defendants to Plaintiffs as "personal injury" such that Defendants policy would cover the expense.

After reviewing the parties' briefs and exhibits and considering the arguments of counsel, the Court concludes that the parties agreed to include "compensatory personal injury damages" in their Release. First, the record is clear that the parties contemplated making Defendants' payment to Plaintiffs nontaxable under applicable regulations. However, the Court notes that none of the parties could recite the applicable IRS regulation and its requirements. After Ms. Jankovich recited the Defendants' liability policy's terms,

---

[1] IRC § 104(a) states: "[G]ross income does not include . . .(2) the amount of any damages (other than punitive damages) received (whether by suit or agreement and whether as lump sums or as periodic payments) on account of personal physical injuries or physical sickness)[.]"

5

defendant, David Wright, asked: "So if it's couched in terms of a personal injury but not related to emotional distress, I have coverage?" Tr. at 6. Ms. Jankovich responded, "yes." Tr. at 6. Mr. Roth subsequently stated, "If we couch that the settlement is a settlement of personal injury, not including emotional distress damages, I think we get around the provision in the policy." Tr. at 7. The Court stated, "Your settlement will not be taxable. We can agree on that then?" *Id.* Mr. Roth replied, "Yes." To Mr. Duff, the Court stated: "You don't have a problem with that, do you?" *Id.* Mr. Duff replied, "No." Thus, the Defendants indicated they wanted the release to state "personal injury," and the Court confirmed that the settlement would not be taxable. When the Court asked Mr. Duff if he "ha[d] a problem" with that assessment and approach, Mr. Duff responded "No." Based upon this colloquy, the Court concludes that Plaintiffs, by Mr. Duff, agreed that the Release would indicate settlement of "personal injuries," based upon their apparently incorrect belief that such language would satisfy § 104(a).

The various drafts of the Release that the parties exchanged further support the Court's conclusion that the parties agreed to have only "personal injuries" included in the Release. Under "Payments," Defendants' October 2, 2008, version of the Release provided: "All sums set forth herein constitute payment for damages on accounts of personal injuries, but shall not constitute payment of any claimed damages for emotional distress or mental anguish, within the meaning of Section 104(a)(2) of the Internal Revenue Code of 1986, as amended." Defs.' Ex. C at 2. Subsequently on December 2, 2008, Plaintiffs provided their proposed version of the Release, in which they highlighted their suggested modifications. Defs.' Ex. F. Under "Payments," Plaintiffs' version of the Release stated "All sums set forth herein constitute payment for compensatory personal injury

6

damages as contemplated by IRC § 104(a)(2)." *Id.* at 2. Mr. Roth agreed to the Gastineaus changes that same day, and requested that Gastineaus execute the Release.

Even assuming that the parties did not agree on the record before the Court to include only "personal injury" in the Release, Mr. Roth's acceptance of the Gastineaus' proposed Release unequivocally establishes a meeting of the minds on the material terms of the contract, including the language to be used in the "Payments" section. *Swanson Services Corp.*, 820 N.E.2d at 737. It was only after Mr. Roth accepted the Plaintiffs' proposed version that Plaintiffs met with IRS officials who apparently instructed Plaintiffs that the Release must contain the word "physical" to satisfy IRC § 104(a). However, at that point, the parties had already agreed to include only "personal injury" in the Release. Moreover, to the extent the Plaintiffs agreed to such language under the incorrect belief that such language satisfied § 104(a), their mistake is not one of fact but rather a mistake of law. Under Indiana law, reformation of a contract for mistake is only available for a mistake of fact, not a mistake of law. *See Estate of Spry v. Greg & Ken, Inc.*, 749 N.E.2d 1269 (Ind. Ct. App. 2001) (cited with approval by *Carlson v. Sweeney, Dabagia, Donoghue, Thorne, Janes & Pagos*, 895 N.E.2d 1191, 1199 (Ind. 2008)). Accordingly, Plaintiffs are left with the language to which they agreed.

The Court notes that Defendants have complied with their obligations under the parties' agreement. Defs.' Ex. E. Therefore, the only other performance required under agreement is Plaintiffs' execution of the Release memorialized on December 2, 2008, by Messrs. Duff and Roth, and Plaintiffs' voluntary dismissal of their case.

Finally, because the Court concludes that Plaintiffs arguments were put forth in good faith, Defendants' Motion for Entry of Dismissal with Prejudice or, Alternatively, Motion for

Rule to Show Cause is **DENIED**, but only to the extent it requests relief different from the relief granted below.

### IV.  CONCLUSION

For the foregoing reasons, plaintiffs', James Gastineau and Christy Gastineau, Motion to Enforce Settlement is **DENIED**.  Defendants', David M. Wright and Wright & Lerch, Motion for Entry of Dismissal with Prejudice or, Alternatively, Motion for Rule to Show Cause is **GRANTED in part and DENIED in part**.  Therefore, the Court **ORDERS** Plaintiffs to cause to be delivered to Defendants an executed Settlement Agreement and Release that reflects the language to which the parties agreed on December 2, 2008, as discussed above, **on or before November 6, 2009**.  In addition, the Court **ORDERS** Plaintiffs to file a Stipulation of Dismissal **on or before November 10, 2009**.

IT IS SO ORDERED this 30th day of October, 2009.

_____
LARRY J. McKINNEY, JUDGE
United States District Court
Southern District of Indiana

Distribution attached.

8

Distribution to:

Robert E. Duff
robert@robertdufflaw.com

Robert Jon Feldt
EICHHORN & EICHHORN
rfeldt@eichhorn-law.com

John M. McCrum
EICHHORN & EICHHORN, LLP
jmccrum@eichhorn-law.com

Michael Roth
EICHHORN & EICHHORN
mroth@eichhornlaw.com